UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JILL CARUSO, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:13-cv-01318-SEB-MJD <br> ) |
| CIRCLE CENTRE MALL, LLC, | ) <br> ) |
| Defendant. | ) <br> ) |

MOTION TO DISMISS AMENDED COMPLAINT

Defendant, CIRCLE CENTRE MALL, LLC ("Circle Centre"), pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), moves to dismiss the Amended Complaint filed by Plaintiff, JILL CARUSO, and in support thereof states as follows:

1. Plaintiff filed the Amended Complaint on September 20, 2013, which seeks declaratory and injunctive relief and an award of attorneys' fees and costs under 42 U.S.C. § 12181 *et seq.* (the "ADA"). [Doc. 11].

2. The Amended Complaint alleges that Plaintiff, a Michigan resident, and "an individual with a disability within the meaning of [the] ADA" encountered certain architectural barriers to access located at Circle Centre's business, a shopping mall located in Indianapolis, Indiana that is a public accommodation within the meaning of Title III of the ADA. [*See generally id.*].

3. Plaintiff only alleges one prior visit to Circle Centre's business, June 27, 2012, and alleges that she will return to the premises sometime in August 2014. [*Id.* at ¶¶ 6, 12].

4. Circle Centre moves for dismissal of the Amended Complaint pursuant to both Rule 12(b)(1) and/or Rule 12(b)(6); both rules, however, carry the same legal standard on a

motion to dismiss. The Court must accept all well-pleaded facts in the Amended Complaint as true and draw all reasonable inferences in favor of Plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 538 (7th Cir. 2005). The allegations, however, must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

5. Plaintiff lacks constitutional standing to bring this action because she cannot demonstrate the "irreducible minimum requirements" of Article III of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). More specifically, Plaintiff has not suffered a cognizable "injury-in-fact" to give rise to constitutional standing. *Id*.

6. Consequently, the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(1) because it lacks subject matter jurisdiction to adjudicate this action.

7. As an alternative independent basis, the Court should also dismiss the Amended Complaint pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. For instance, Plaintiff alleges that "there are" certain alleged barriers to access at Circle Centre's business, which consists of over 125 stores and restaurants, yet she fails to specify the locations of any of the alleged barriers. [*See* Doc. 11 at ¶ 14].

**WHEREFORE,** Defendant, CIRCLE CENTRE MALL, LLC, respectfully requests that the court enter an Order (a) dismissing Plaintiff's claims against Circle Centre pursuant to Fed. R. Civ. P. 12(b)(1), with prejudice; (b) alternatively, dismissing Plaintiff's claims against Circle Centre pursuant to Fed. R. Civ. P. 12(b)(6); (c) awarding attorneys' fees and costs; and (d) any such further relief as the Court deems just and proper.

Dated:  November 22, 2013.

                                            LANDMAN & BEATTY, LLP

                                            */s/ Donald D. Levenhagen*
                                            Donald D. Levenhagen, Esq.
                                            Indiana Bar No. 10327-49
                                            1150 Market Square Center
                                            151 North Delaware Street
                                            P.O. Box 44953
                                            Indianapolis, IN 46244
                                            Telephone:  317-236-1040
                                            Facsimile:  317-236-1049
                                            Email:  dlevenhagen@landmanbeatty.com

                                            BAKER HOSTETLER, LLP

                                            */s/ Brian C. Blair*
                                            Brian C. Blair, Esq.
                                            Florida Bar No. 0973084
                                            Admitted *Pro Hac Vice*
                                            200 S. Orange Avenue, Suite 2300
                                            Orlando, FL 32801
                                            Telephone: 407-649-4050
                                            Facsimile: 407-841-0168
                                            Email:  bblair@bakerlaw.com

                                            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing has been electronically filed using this Court's ECF system, which will serve an electronic copy on this 22nd day of November, 2013, on the following counsel of record:

Pete M. Monismith
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Telephone: 724-610-1881
Facsimile: 412-258-1309
Email: pete@monismithlaw.com

                                            */s/ Donald D. Levenhagen*

089191.000199 602740991

3