UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JILL CARUSO,
Individually

      Plaintiffs,

v.

Circle Centre Mall LLC,
A Delaware limited liability company.

      Defendant.
_____/

Case No. 1:13-cv-1318 -SEB-MJD

## SECOND AMENDED COMPLAINT

Plaintiff, Jill Caruso, individually, (hereinafter "Plaintiff") on her behalf and on behalf of all other individuals similarly situated hereby sues the Defendant, Circle Centre Mall, LLC, a Delaware Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1. This action is brought by Jill Caruso, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Circle Center Mall.

2. This Court has jurisdiction pursuant to the following statutes:

    a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

      b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

      c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      Venue is proper in this judicial district and division. Defendant does business in the State of Indiana, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.      Plaintiff Jill Caruso is a resident of Monroe, Oakland County, Michigan, uses a wheelchair, has spina bifida, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5.      Plaintiff Jill Caruso is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.      Plaintiff Jill Caruso was a patron at the Circle Center Mall, located at 49 West Maryland Street, Indianapolis, Indiana, on June 27, 2012.

7.      Plaintiff Jill Caruso attended the annual spina bifida conference during the aforementioned date.

8.      Plaintiff was also in Indianapolis during that time to observe her friend participate in the U.S. Paralympics Trials of track and field.

9.      Plaintiff has been to the Indianapolis area on several occasions over the past several years to visit with close friends of hers.

10.     Plaintiff Jill Caruso intends to return to the area again in June 28 thru July 1, 2014 to attend the Spina Bifida Association 39th National Conference.

11.     The Circle Center Mall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

12.     Defendant owns, leases, leases to, or operates the Circle Center Mall, and is responsible for complying with the obligations of the ADA.  On information and belief, Circle Center Mall engages in a pattern and practice of discriminating against qualified persons with disabilities in as follows:

    a. Defendant operates under a national brand name, advertises nationally through various media and actively solicits patronage from customers nationwide.  Defendant solicits patronage from customers nationally and from long distances and who travel, while discouraging similar patrons who are disabled.  Defeendant has a pattern and practice of depriving disabled patrons their civil rights accorded under the ADA unless such persons live within a short distance of a given property.  Defendant discourages disabled patrons from traveling long distances to visit its stores.

    b. Defendant encourages, advertises to, and solicits patronage of non-disabled patrons, to visit multiple stores, no matter where they are located in the country.  By contrast, Defendant discriminates against similarly situated disabled patrons by depriving them their civil rights accorded under the ADA with respect to any and all property except those stores which are located closest to the disabled

patron's residence. Defendant discourages such disabled patrons from visiting any but the closest store owned by Defendant.

c. Defendant encourages, advertises to, and solicits patronage of non-disabled patrons to visit its stores on an immediate, impulsive, or short term basis with no notice or few days in advance. By way of non-exclusive example, Defendant advertises to the non-disabled public with notices of weekend sales and other short or near term events intended to attract the non-disabled public. Such patrons are encouraged to visit Defendant's stores by impulse, based on short term plans or no advance plans. By contrast, Defendant discriminates against and deprives disabled patrons of their civil rights accorded under the ADA unless such patrons have made a long term plan many months in advance to attend a particular store on a specified date. Defendant discourages disabled patrons from visiting their store based on short term plan or impulse.

d. Defendant, by pattern and practice, discriminates against and deprives disabled persons their civil rights accorded under the ADA by requiring that they visit a particular, specified store multiple times before their rights vest.

e. Defendant encourages, advertises to and solicits patronage of non-disabled persons at each and every store nationwide, regardless whether such persons have any contacts with the geographic area of a given store, have ever been to the geographic area in the past or will ever travel to the geographic area again. By contrast, by pattern and practice, Defendant discriminates against, discourages and deprives similarly situated disabled persons.

4

  f. Defendant has had ample notice that its stores nationwide are not in compliance with the ADA.  Defendant has failed, and continues to fail, to implement adequate measures to bring its stores into compliance unless and until it is sued by a disabled individual.  Defendant's policy is to wait until it is sued before it brings a store into ADA compliance.  Defendant thus brings its stores into ADA compliance on a lawsuit-by-lawsuit basis, rather than a readily achievable basis since the inception of the ADA.

  g. Defendant has floor, display, and counter plans, policies and specifications common to all stores nationally which cause each store to violate the requirements of the ADA by narrowing spaces between displays to prevent wheelchair passage and by providing counters with excessive height.

  h. Defendant discriminates against disabled persons by sorting them into separate classes based on the above criteria.

  i. In depriving disabled patrons of their civil rights accorded under the ADA, as referenced herein, Defendant denies disabled persons of the opportunity to participate in, benefit from, or fully and equally enjoy its goods, services, facilities, privileges, advantages, and accommodations.

## COUNT I

## VIOLATION OF THE ADA

13.     Plaintiff realleges paragraphs one (1) through twelve (12) of this Complaint and incorporates them here as if set forth in full.

14.     Plaintiff has visited the property which forms the basis of this lawsuit, has been to the area on several occasions, and plans to return the property in August 2014 to avail herself of the goods and services offered to the public at the property.

15.     There are numerous architectural barriers present at Circle Center Mall that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Circle Center Mall are not accessible to or usable by Plaintiffs, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

16.     Elements and spaces to which there are barriers to access at the Circle Center Mall include, but are not necessarily limited to:

    a.     There are guest customer service counters that are located to high for an individual in a wheelchair to utilize.

    b.     There is not an accessible route that connects all accessible spaces to the accessible building for an individual in a wheelchair to utilize.

    c.     There are curb ramps from the garage to the facility that have excessively steep side slopes that create a dangerous condition for an individual in a wheelchair.

    d.     The curb ramp at the facility from the parking garage to the facility has an excessively steep cross slope that creates a dangerous condition to an individual in a wheelchair.

  e. There are doors at the entrance of the facility that lack sufficient maneuvering clearance for an individual in a wheelchair to use.

  f. There are ramps at the doors leading from the parking garage to the facility that lack a clear and level landing, thus creating a dangerous condition to an individual in a wheelchair.

  g. There are designated accessible parking spaces in the parking garage that do not have any signage indicating where the accessible parking is located.

  h. There are designated accessible parking spaces in the parking garage that do not have a wide enough access aisle for an individual in a wheelchair to utilize.

  i. There are designated accessible parking spaces in the parking garage that are not located on the shortest accessible route to the facility.

  j. There are exposed pipes underneath the sink in the public restroom of the mall which creates a burning hazard to an individual in a wheelchair.

  k. The public drinking fountain in the facility is inaccessible to an individual in a wheelchair to utilize.

17. The discriminatory violations described in paragraph 16 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other disabled individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18.     The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

19.     Plaintiff has standing to sue for every barrier to access for the disabled that exists on the subject premises. Plaintiff has standing to require that all barriers to access on the property for the disabled are corrected, not merely only those Plaintiff Jill Caruso personally encountered.

20.     Defendants' failure to remove the architectural barriers identified in paragraph fourteen (14) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

22.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

24. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

25. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

26. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

27. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## PRAYER FOR RELIEF

30. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

        i. by failing to bring Circle Center Mall into compliance with the Standards where it is readily achievable to do so; and

        ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B. Order Defendant:

        i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

    C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    E.    Order such other appropriate relief as the interests of justice may require.

                                    Respectfully Submitted,

                                    By: /s/ Pete M. Monismith  
                                    Pete M. Monismith, Esq.  
                                    3945 Forbes Ave., #175  
                                    Pittsburgh, PA 15213  
                                    Ph: 724-610-1881  
                                    Fax: 412-258-1309  
                                    Pete@monismithlaw.com